UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE E. OLIVER, | No. C 07-2233 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROBERT AYERS, warden, | |
| Respondent. | |

## INTRODUCTION

Luke E. Oliver, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition and amendment thereto are now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Oliver states in his petition that he was convicted in San Francisco County Superior Court of first degree murder, rape, a "crime vs. nature" and robbery. He was sentenced on an unstated date to seven years to life in prison. His petition does not challenge his conviction but instead challenges a June 2006 decision by California Governor Arnold Schwarzenegger to reverse a decision by the Board of Parole Hearings that found him suitable for parole in January 2006. Oliver alleges that he filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Oliver alleges in his petition that the Governor's decision violated his right to due process because it was not supported by some evidence, was based on unchanging factors and was not based on reliable evidence. Liberally construed, the allegations present a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Oliver also alleges that the California state court's denial of his petition for writ of habeas corpus was objectively unreasonable. This is not a separate claim for relief that is cognizable in a federal habeas action. Errors in the state collateral review process are not addressable through federal habeas corpus proceedings because they pertain to the review process itself and do not generally represent an attack on the prisoner's detention. See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). The claim is dismissed without leave to amend. To the extent he is trying to argue that 28 U.S.C. § 2254(d) does not preclude habeas relief, he may make that argument in his traverse in support of his due process claim.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The petition's due process claim warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **November 2, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **December 7, 2007**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   September 20, 2007

_____
Marilyn Hall Patel
United States District Judge